UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  EDCV 26-01520-MWF (DTB)**          **Date:  April 13, 2026**
Title:      Amro Yousry Abdeltawab v. Cynthia Armant, et al.

Present:   The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

|  |  |
|---|---|
| Deputy Clerk: | Court Reporter: |
| Rita Sanchez | Not Reported |
| | |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
| None Present | None Present |

**Proceedings (In Chambers):**          ORDER GRANTING PETITIONER'S MOTION FOR PRELIMINARY INJUNCTION [3]

Before the Court is Petitioner Amro Yousry Abdeltawab's Motion for Preliminary Injunction (the "Motion") filed on March 30, 2026.  (Docket No. 3). Respondents filed a Response on April 6, 2026.  (Docket No. 7).  Petitioner filed a Reply on April 9, 2026.  (Docket No. 8).

The Motion is **GRANTED**.  Petitioner has demonstrated that his current detention likely violates procedural due process and that the appropriate remedy is immediate release.

## I.    BACKGROUND

Petitioner is a native and citizen of Egypt.  (Petition (Docket No. 1) ¶ 5). Petitioner entered the United States in 2019 and later entered removal proceedings after applying for asylum.  (*Id.* ¶¶ 5–6).  Specifically, the government charged Petitioner as removable on October 24, 2019.  (*Id.* ¶ 7).

On February 26, 2024, with the consent of the government, the Immigration Court administratively closed Petitioner's removal proceedings.  (*Id.* ¶ 9).  The government thereafter granted Petitioner employment authorizations, which Petitioner most recently renewed in January 2025.  (*Id.* ¶ 12).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA


CIVIL MINUTES—GENERAL


**Case No.  EDCV 26-01520-MWF (DTB)           Date:  April 13, 2026**
Title:       Amro Yousry Abdeltawab v. Cynthia Armant, et al.

On February 12, 2026, immigration authorities arrested Petitioner outside his home and reopened his removal case, providing no explanation as to either action.  (*Id.* ¶¶ 16–19).

## II.  **LEGAL STANDARD**

Pursuant to Federal Rule of Civil Procedure ("Rule") 65, a court may grant preliminary injunctive relief to prevent "immediate and irreparable injury."  Fed. R. Civ. P. 65(b).  A party seeking a preliminary injunction must establish that: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of the equities tips in his favor; and (4) an injunction is in the public interest.  *See Toyo Tire Holdings of Ams. Inc. v. Cont'l Tire N. Am., Inc.*, 609 F.3d 975, 982 (9th Cir. 2010) (citing *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)).

These elements — referred to as the *Winter* factors — can be balanced on a sliding scale, allowing a preliminary injunction to issue where there are "serious questions going to the merits" and the balance of hardships "tips sharply towards the plaintiff," "so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest."  *See Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131, 1132–35 (9th Cir. 2011) (concluding that district courts may use a sliding-scale approach but requiring all four *Winter* factors to be met).

## III.  **DISCUSSION**

### A.  **Likelihood of Success**

Petitioner argues that his detention is unlawful and violates due process and the Administrative Procedure Act ("APA").  (Motion at 4–7).  Specifically, he argues that he has a protected liberty interest following the termination of his removal proceedings, and that he was therefore entitled to notice and a pre-deprivation hearing before detention.  (*Id.*).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  EDCV 26-01520-MWF (DTB)          Date:  April 13, 2026**
Title:       Amro Yousry Abdeltawab v. Cynthia Armant, et al.

Respondents submitted a Response to the Motion stating that (1) Petitioner is likely a member of the Bond Eligible Class as defined in the Final Judgment in the action *Maldonado Bautista et al. v. Ernesto Santacruz Jr et al.,* EDCV 25-1873-SSS (BFM), at Docket No. 94; and (2) pursuant to that Final Judgment, Petitioner is entitled to a bond hearing before an Immigration Judge.  (*See generally* Response).

Respondents did not, however, address the merits of the Application as pertaining to the due process or the APA claims raised by Petitioner.  Respondents only contend that "at most" Petitioner is entitled to a bond hearing, rather than release.  (*Id.* at 2).  Accordingly, the Court proceeds to the merits of Petitioner's Application without the benefit of substantive argument by Respondents.  Left without any meaningful opposition from Respondents, the Court agrees that Petitioner has shown a likelihood of success on his due process claim, and that the proper remedy is immediate release.

## 1.  Protected Liberty Interest

While the liberty interests of U.S. citizens compared to noncitizens "are not coexistent," the Fifth Amendment nonetheless "entitles [noncitizens] to due process of law in deportation proceedings." *Rodriguez Diaz v. Garland,* 53 F.4th 1189, 1205-06 (9th Cir. 2022) (quoting *Hussain v. Rosen,* 985 F.3d 634, 642 (9th Cir. 2021)).  And recent district court cases in this Circuit have affirmed the principle that "even when ICE has the initial discretion to detain or release a noncitizen pending removal proceedings, after that individual is released from custody [he or] she has a protected liberty interest in remaining out of custody." *See, e.g., Pinchi v. Noem,* 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025) (collecting cases); *Meneses v. Santacruz,* 811 F. Supp. 3d 1158, 1162 (C.D. Cal. 2025).  That principle extends to those like Petitioner who have never been in immigration custody in the first place due to years of deliberate acquiescence by Respondents. *See, e.g.*, *Kharitonova v. Albarran*, No. 3:26-CV-01362-JSC, 2026 WL 531441, at *2 (N.D. Cal. Feb. 25, 2026) (concluding that noncitizen who overstayed nonimmigrant visa and entered removal proceedings, but was never detained, had a protected liberty interest in remaining free).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  EDCV 26-01520-MWF (DTB)**          **Date:  April 13, 2026**
Title:       Amro Yousry Abdeltawab v. Cynthia Armant, et al.

Accordingly, Petitioner has a vested liberty interest in remaining free from detention as he has lived for the last almost seven years.

### 2. *Mathews* Test

Under the test from *Mathews,* the Court must weigh three factors: (1) "the private interest that will be affected by the official action;" (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards;" and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail."  424 U.S. at 335.

*First*, the Court agrees that the private interest at stake is significant.  (Motion at 4–5).  Petitioner has spent nearly seven years out of immigration custody in the United States, living with his family, working, and building community ties.  (*Id.*).  Courts considering this factor have held similar facts to be indicative of a substantial private interest.  *See Meneses,* 811 F. Supp. 3d at 1163 (collecting cases); *see also Padilla v. Bowen*, No. CV 25-10780-CAS (SK), 2025 WL 3251368, at *6 (C.D. Cal. Nov. 21, 2025) ("That Petitioner is deprived of his right to live with his family and to work underscores Petitioner's 'weighty' liberty interest in remaining out of custody.").

*Second*, under the *Mathews* test, the Court considers the risk of erroneous deprivation of liberty without a pre-detention hearing.  "Civil immigration detention is permissible only to prevent flight or protect against danger to the community."  *See Pinchi,* 792 F. Supp. 3d at 1035.  As such, the risk of erroneous deprivation is high absent a pre-deprivation hearing to ensure detention serves those permissible purposes.  *See id.*  The risk is especially pronounced here, where there is no reason to believe that Petitioner is or has been previously determined to be a flight risk or a danger to the community.  *See Padilla*, 2025 WL 3251368, at *7.  If anything, Respondents' consent to closing Petitioner's removal proceedings suggests a determination to the contrary.

*Third*, courts have routinely recognized that the Government's interest in detaining individuals like Petitioner without a hearing is "low."  *See Padilla*, 2025 WL 3251368, at *7; *Kharitonova*, 2026 WL 531441, at *3.  This is particularly so where

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** EDCV 26-01520-MWF (DTB)          **Date:** **April 13, 2026**
Title:          Amro Yousry Abdeltawab v. Cynthia Armant, et al.

the Government has not shown — or, as here, attempted to substantively argue — that "Petitioner's detention serves either to prevent flight or a danger to the community." *See Padilla,* 2025 WL 3251368, at *7 (citing *Hernandez v. Sessions,* 872 F.3d 976, 994 (9th Cir. 2017)). Nor are "the costs of providing such protections … fiscally or administratively onerous." *Pinchi,* 792 F. Supp. 3d at 1036.

Accordingly, as each of the *Mathews* factors favor Petitioner, he has demonstrated a likelihood of success on his procedural due process claim. The Court will therefore not address Petitioner's APA claim.

### B.     **Irreparable Harm**

"It is well established that the deprivation of constitutional rights 'unquestionably constitutes irreparable injury.'" *Melendres v. Arpaio*, 695 F.3d 990, 1002 (9th Cir. 2012) (quoting *Elrod v. Burns*, 427 U.S. 347, 373 (1976)). Where, as here, the "alleged deprivation of a constitutional right is involved, most courts hold that no further showing of irreparable injury is necessary." *Warsoldier v. Woodford*, 418 F.3d 989, 1001–02 (9th Cir. 2005) (quoting Wright, Miller, & Kane, Federal Practice and Procedure, § 2948.1 (2d ed. 2004)).

Here, Petitioner has shown evidence that he has been deprived of due process, likely rendering his detention unlawful.

Accordingly, Petitioner has met his burden in establishing the second *Winter* factor.

### C.     **Balance of Hardships and Public Interest**

Where the government is the opposing party, the third and fourth Winter factors merge. *Nken v. Holder*, 556 U.S. 418, 435 (2009); *California v. Azar*, 911 F.3d 558, 575 (9th Cir. 2018) ("When the government is a party, the last two factors merge."). Further, a petitioner's "likelihood of success on the merits of a constitutional claim . . . tips [these] merged third and fourth factors decisively in his favor." *Baird v. Bonta*, 82 F.4th 1036, 1042 (9th Cir. 2023).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  EDCV 26-01520-MWF (DTB)**          **Date:  April 13, 2026**
Title:        Amro Yousry Abdeltawab v. Cynthia Armant, et al.

Here, an injunction is in the public interest where "a constitutional right has been violated, because all citizens have a stake in upholding the Constitution." *Preminger v. Principi*, 422 F.3d 815, 826 (9th Cir. 2005).  If any countervailing factors exist that the Court should consider in weighing the balance of the equities and the public interest, Respondents have failed to present them.

Accordingly, Petitioner has satisfied the *Winter* factors.  Because preliminary relief should restore the status quo, "the last uncontested status which preceded the pending controversy," relief is warranted to restore Petitioner to the moment before he was detained without such a hearing.  *See GoTo.com, Inc. v. Walt Disney Co.,* 202 F.3d 1199, 1210 (9th Cir. 2000).  As explained by the court in *Martinez Cruz v. Lyons*, EDCV 2879-MCS-MBK, 2025 WL 4051129, at *5 (C.D. Cal. Nov. 6, 2025), "[d]elaying Petitioner's release awaiting a hearing that [he] should have received before [he] was detained [in November] would be unjust."  Citing *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.,* 571 F.3d 873, 879 (9th Cir. 2009), the *Martinez Cruz* court held that a scenario like the one presented here was "an exceptional case that demands a mandatory injunction requiring Petitioner's forthwith release."  2025 WL 4051129, at *5.  Therefore, Petitioner is entitled to immediate release rather than merely a bond hearing before an Immigration Judge.

Finally, the Court declines to require a bond in this instance.  *See Jorgensen v. Cassiday,* 230 F.3d 906, 919 (9th Cir. 2003) ("Rule 65(c) invests the district court 'with discretion as to the amount of security required, *if any*.'").

## IV.   CONCLUSION

Petitioner's Motion is **GRANTED**.  All four *Winter* factors weigh in Petitioner's favor.  The Court **ORDERS** that:

- Respondents shall immediately **RELEASE** Petitioner from custody and must file a notice of compliance to this effect by no later than **April 15, 2026**;

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** **EDCV 26-01520-MWF (DTB)**          **Date:  April 13, 2026**
Title:       Amro Yousry Abdeltawab v. Cynthia Armant, et al.

- Respondents are **ENJOINED** from re-detaining Petitioner without providing Petitioner notice and a pre-detention hearing before an immigration judge.

A separate preliminary injunction will issue.

As the parties are aware, this case has been referred to Magistrate Judge David T. Bristow.  (Docket No. 4).  Pursuant to General Order Nos. 05-07 and 26-05, further proceedings on the merits of the Petition are **REFERRED** to Magistrate Judge Bristow for decision.

IT IS SO ORDERED.